Daniel SEGOVIA–MARES; Thalia Nayeli Segovia Verdin; Maria Luisa Verdin De Segovia, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74806.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 24, 2007.

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey Leist, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Daniel Segovia–Mares and Maria Luisa Verdin de Segovia, husband and wife, and their daughter, all natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We dismiss the petition for review.

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601 (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Petitioners' contention that the BIA violated their due process rights by disregarding their evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ granted voluntary departure for a 90–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." As in *Padilla–Padilla,* we are not sure if petitioner can still have the benefit of the voluntary departure order. *See id.* at 982. We therefore remand to allow the BIA to determine that question.

**PETITION FOR REVIEW DISMISSED in part and GRANTED in part; REMANDED.**

Judge PREGERSON dissents in part as to the denial of the motion to reopen.